UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTONIO WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-4046-CV-C-NKL-P |
| | ) |
| COI TALLENT and | ) |
| COII OUSLEY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSTION TO DEFEDANTS MOTION TO DISMISS**

COMES NOW, the Defendants, COI Tallent and COII Ousley, by and through their attorney, Assistant Attorney General Daniel E. James, and in Reply to the Plaintiff's Opposition to Defendants Motion to Dismiss, would submit to the Court the following:

I. **Plaintiff's request for Consent to Amend should be considered after a ruling/ on Defendants' Motion to Dismiss**

In the Defendants' Motion to Dismiss, Defendants stated that the Plaintiff filed his suit against CO I Tallent and CO II Ousley in both their individual capacity and official capacity. (Doc 1, p. 1, Heading). Defendants moved for dismissal of the official capacity claims as they are barred by the 11th Amendment. Defendants cited authority for the proposition that suits

against officials in the "official capacity" are, in essence, suits against the State, and such suits are barred by the 11th Amendment unless the State has waived such immunity. *See Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983). Defendants did not make any argument with regard suits against the Defendants in their official capacity.

In the first section, Plaintiff request to amend his Complaint. He also files as a separate document (Doc 25) a Motion for Leave to File Amended Complaint. Plaintiff does not make clear in Section 1 of Doc 26 what he is trying to amend. One reading is that he is requesting to amend his Complaint to allege only "individual capacity" suits against the Defendants. Should this be case or the Court construe this as the Plaintiff's request, Defendants believe that Motion to Dismiss would be dispositive of this issue and, if granted, would dismiss the official capacity claims with prejudice. Such a ruling would not affect the individual capacity claims.

However, in the Motion for Leave to File Amended Complaint, Plaintiff states that he needs to amend his complaint to "conform the facts to the evidence under the 8th Amendment," and that he "filed (sic) to specify in

2

particular how the legal claims, injuries, and damages, entitles plaintiff to the relief requested." (Doc 26, ¶ 3).

Neither the request made in the Motion for Leave to File Amended Complaint (Doc 25) or the request under the first section of Plaintiff's Suggestions in Opposition to the Defendants' Motion to Dismiss (Doc 26) address the issues raised by the Motion to Dismiss.

Defendants believe that the Plaintiff is making the argument that because individual capacity claims are separate from official capacity claims, that his Amended Complaint should be allowed. As stated above, if Plaintiff is requesting to amend his Complaint to eliminate the official capacity claims, which are the subject of the Motion to Dismiss, the Defendants believe that the appropriate remedy is for the Court to grant the Motion to Dismiss. Defendants' Motion to Dismiss was filed on July 16, 2019 (Doc 21). Under F.R.C.P. 15(1)(B), Plaintiff would be allowed to amend his Complaint with 21 days of the service of a motion under F.R.C.P. Rule 12(b). Since Plaintiff's request to amend his complaint in either scenario from above occurred more than 21 days after the Motion to Dismiss was served (Doc 25, filed 8/12/19, and Doc 26, filed 8/21/19), Rule 15(a)(2) would apply.

Plaintiff correctly cites Rule 15(a)(2), in that he either needs the Defendants' consent or leave of the court to amend his Complaint. If the

Plaintiff's position is to amend the Complaint to eliminate the official capacity claims, Defendants believe that said request should be denied in favor of the Motion to Dismiss, which would, if granted, dismiss the official capacity claims with prejudice. Such a ruling would then render the Plaintiff's request moot. However, if the Plaintiff's position is to amend the Complaint for other reasons, the Defendant's would object to an amendment and ask the Court to rule on the Motion to Dismiss prior to considering the Motion for Leave to Amended Complaint.

## II. Plaintiff's Opposition fails to address Defendants argument regarding Official Capacity claims

Plaintiff's second argument is that the 11th Amendment does not bar compensatory or punitive damages in individual capacity suits. Plaintiff is correct in this general statement of the law, however, Defendants' argument in the Motion to Dismiss is that the 11th Amendment bars suits against individual officers who are being sued in their *official* capacity.

After reading Section 4 of Plaintiff's Response (Doc 26, p. 3), it appears that Plaintiff agrees with this proposition that the Defendants cannot be sued in their official capacity. At a minimum, Plaintiff does not argue that the Defendants can be sued in their official capacity under 42 U.S.C. § 1983, which is tantamount to agreeing or confessing the Defendants' Motion to Dismiss.

## III. Conclusion

Considering the position that the Plaintiff's Response presents and the law presented in the Defendants' Motion to Dismiss, the Defendants respectfully request the Court enter an Order dismissing the Plaintiff's official capacity claims against the Defendants. Defendants would further request that the Court take up the Plaintiff's Motion for Leave to File Amended Complaint after ruling on the Motion to Dismiss, as it appears that Plaintiff is attempting to amend his complaint to contain solely individual capacity claims.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

_/s/ Daniel E. James_
Daniel E James
Assistant Attorney General
Missouri Bar No. 53370
P.O. Box 861
St. Louis, MO 63101
Phone: (314) 340-7880
Fax: (314) 340-9757
Email: daniel.james@ago.mo.gov

**ATTORNEY FOR DEFENDANTS TALLENT AND OUSLEY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2019, a true and correct copy of the above and foregoing document was filed via the Court's electronic filing system and sent via U.S. Mail to the following:

Antonio West, DOC #1239931
S.C.C.C.
255 West Highway 32
Licking, MO 65542

_____
Daniel E. James